IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROGER MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) NO. _____ |
| | ) |
| MARYVILLE COLLEGE, | ) JURY DEMANDED |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Comes the Plaintiff, Roger Miller, by and through Counsel, and files this Complaint against the Defendant, Maryville College, and for his cause of action would show unto the Court as follows:

1. The Plaintiff, Roger Miller, is a citizen and resident of Blount County, Tennessee.

2. The Defendant, Maryville College, is an educational institution with its principal address at 502 E. Lamar Alexander Parkway, Maryville, Tennessee 37804.

3. This Court has jurisdiction under 29 U.S.C. § 621 and has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

4. Dr. Miller was employed by Maryville College from August 28, 1993 through May 31, 2012. He was terminated on May 31, 2012 and, at that time, was fifty-one years old and was a tenured Associate Professor of Physics.

5. Maryville College's personnel policies with respect to tenure state that "[t]enure is a continuous appointment. The appointment continues until (1) the appointee retires, (2) resigns from the faculty, or (3) in rare instances, a condition develops that is demonstrably adequate

cause for discontinuation of the appointment." See *Exhibit A*, attached hereto.

6. The personnel policies further provide that "[s]eparation of a faculty member, whether on tenure or term contract, is also possible as a result of significant reduction or discontinuation of the academic program in which the faculty member does most of his or her teaching." See *Exhibit B*, attached hereto.

7. At the time of Dr. Miller's termination, Maryville College offered a Chemical Physics Major and a Physics Minor, and Dr. Miller taught courses offered within that major and minor. However, the majority of the courses taught by Dr. Miller were offered in the Natural and Mathematical Science Programs, as well as the Core Curriculum.

8. In May of 2012, Maryville College notified Dr. Miller that it was eliminating the Chemical Physics Major and Physics Minor and would, therefore, be eliminating Dr. Miller's position.

9. Maryville College's stated reason for terminating Dr. Miller was: "Restructuring of academic program resulted in program reduction and elimination of position." See Separation Notice, attached hereto as *Exhibit C*.

10. As set forth above, however, the majority of Dr. Miller's teaching load was not within the Chemical Physics Major and Physic Minor- it was within the Natural and Mathematical Science Program and the Core Curriculum. Upon information and belief, those courses continued to be offered by Maryville College.

11. Upon information and belief, two other tenured professors over the age of forty were terminated on or around the same time as Dr. Miller based upon "discontinuation of academic program."

12. Dr. Miller timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 25, 2013. See *Exhibit D*, attached hereto. Dr. Miller has not yet received a Right to Sue letter. This Complaint will be amended and supplemented with the Right to Sue letter when it is received.

13. Dr. Miller's age, fifty-one, was a determinative factor in the Defendant's decision to terminate Dr. Miller and was in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* The Defendant's stated reason for termination was pretextual, given that the areas in which Dr. Miller did the majority of his teaching were not discontinued or reduced.

14. Alternatively, the Defendant's decision to discontinue certain academic programs, while potentially neutral on its face, was targeted toward those programs and those professors who were higher wage earners, who had significant tenure and who, therefore, were necessarily over the age of forty. Thus, there was a resulting disproportionately adverse impact on older workers and a specific disproportionately adverse impact on Dr. Miller based upon his age. Accordingly, the Plaintiff's termination was in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.*

15. The Defendant's actions were intentional, malicious or reckless.

16. As a tenured professor, and pursuant to the Defendant's own policies, Dr. Miller had a legitimate, continued expectation of employment that constituted a contractual employment agreement. This contractual employment agreement could only be terminated if Dr. Miller retired or resigned, if there was demonstrable adequate cause, or if there was a significant

3

Case 3:13-cv-00306-TAV-HBG   Document 1   Filed 05/31/13   Page 3 of 5   PageID #: 3

reduction or discontinuation in the academic program in which Dr. Miller did most of his teaching. As none of the foregoing criteria for termination were met, the Defendant's termination of Dr. Miller constitutes a breach of contract/breach of employment agreement.

17. As a result of his unlawful termination, Dr. Miller has suffered and will continue to suffer significant damages, including lost wages, lost benefits, future lost wages, out-of-pocket expenses, stress, embarrassment, and humiliation. Moreover, Dr. Miller is entitled to recover punitive damages in an amount sufficient to deter future unlawful conduct by the Defendant.

WHEREFORE, premises considered, Dr. Miller respectfully prays for the following relief:

1. That process be issued and that the Defendant be required to answer this Complaint within the time required by law;

2. That a jury be empaneled to try this cause;

3. That judgment be awarded in his favor for all back pay, front pay, reinstatement, compensatory damages, and damages for breach of contract in the amount of $500,000.00 and that the Defendant be enjoined from engaging in such unlawful employment practices;

4. That judgment be awarded in his favor for punitive damages in the amount of $500,000.00;

5. That he be awarded all attorney fees, expert fees, and costs in accordance with 29 U.S.C. § 216(b);

6. That he be awarded pre-judgment and post-judgment interest;

7. That he be awarded any other relief to which he may be entitled at law or equity.

*/s/ Kristi M. Davis*
                                                        Kristi M. Davis (# 019487)
                                                        Attorney for the Plaintiff


OF COUNSEL:
HODGES, DOUGHTY & CARSON, PLLC
617 W. Main Street, P.O. Box 869
Knoxville, Tennessee 37901-0869
(865) 292-2307
(865) 292-2321 [facsimile]
kdavis@hdclaw.com
jbond@hdclaw.com